**Opinion issued March 21, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00292-CR

———————————

**JOSUE IBARRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1332441**

---

## O P I N I O N

Appellant, Josue Ibarra, appeals from the trial court's order denying him habeas corpus relief pursuant to Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (Vernon 2005)

(providing for appeal in felony or misdemeanor case in which applicant seeks relief from order or judgment of conviction ordering community supervision). Appellant contends that the habeas court erred in finding that trial counsel had provided him with effective assistance of counsel, despite counsel's alleged failure to discuss clear immigration consequences of appellant's guilty plea, in violation of *Padilla v. Kentucky*, 559 U.S. 356, ___, 130 S. Ct. 1473 (2010). We affirm.

## BACKGROUND

In 1998, appellant, a legal permanent resident at the time, was charged with sexual assault. On March 16, 1998, he pleaded guilty to a lesser charge of misdemeanor assault, and the trial court assessed punishment at one year confinement in jail, but suspended the sentence and placed appellant on community supervision for two years. Appellant was deported in 1998,[1] but almost immediately returned to the United States illegally.

In September 2011, appellant was arrested again and is currently being detained by federal immigration authorities. On January 6, 2012, appellant filed a

---

[1] "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). An "aggravated felony" is defined as "murder, rape, or sexual abuse of a minor" or "a crime of violence (as defined in [ 18 U.S.C. § 16] . . .) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(A), (F). Section 16 defines "crime of violence" in pertinent part as an offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

petition for writ of habeas corpus in the trial court, alleging that he received ineffective assistance of counsel in the trial court because trial counsel did not warn him of the immigration consequences of his plea. At a hearing on March 15, 2012, appellant testified that his trial counsel did not tell him about the immigration consequences associated with his guilty plea. Specifically, appellant alleged that his counsel, M. Barerra, told him that "it was only a misdemeanor . . . as though I had been in a traffic citation." Appellant further testified that, had he known the immigration consequences of his plea, he would have insisted on going to trial. Barerra filed an affidavit in which he stated, "I do not recall if I advised or did not advise Mr. Ibarra of the consequences regarding his immigration status if he plead guilty." After the hearing, the trial court denied appellant habeas relief. This appeal followed.

## RETROACTIVITY OF *PADILLA V. KENTUCKY*

In *Padilla v. Kentucky*, the Supreme Court held that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea. 559 U.S. ___, 130 S. Ct. at 1473. In his petition for writ of habeas corpus, appellant argued that he received ineffective assistance because his trial counsel did not comply with *Padilla*. On appeal, appellant contends that the trial court erred in overruling his ineffective assistance claim, which was based on trial counsel's failure to comply with *Padilla*. The

3

State responds that appellant was convicted almost 15 years ago, and *Padilla* should not be applied retroactively.

This Court has previously held that the ruling in *Padilla* applies retroactively. *See Enyong v. State*, 369 S.W.3d 593, 600 (Tex. App.—Houston [1st. Dist.] 2012, no pet.); *Ex parte Tanklevskaya*, 361 S.W.3d 86, 95 (Tex. App.—Houston [1st Dist.] 2011, pet. filed). However, since *Enyong* and *Tanklevskaya* were decided, the United States Supreme Court has addressed the issue and held that *Padilla* does not apply retroactively. *See Chaidez v. United States*, No. 11-820, 568 U.S. ___, slip op. at * 1 (February 20, 2013).

In *Chaidez*, the petitioner, a lawful permanent resident, pleaded guilty to two counts of mail fraud, and her conviction became final in 2004. *Id.* She subsequently filed a writ of coram nobis,[2] arguing that her trial counsel's failure to advise her of the immigration consequences of pleading guilty constituted ineffective assistance of counsel. *Id.* at *2. The Supreme Court, confronted with the issue of whether *Padilla* could be applied retroactively, had to decide whether *Padilla* announced a "new rule" because "[o]nly when [the Supreme Court] appl[ies] a settled rule may a person avail herself of the decision on collateral review." *Id.* at *4.

---

[2] A writ of coram nobis provides a way to collaterally attack a criminal conviction for a person who is no longer "in custody" and thus unable to seek relief by a writ of habeas corpus. *Id.* at *2.

4

The Court rejected the argument that *Padilla* merely applied the settled law of ineffective assistance of counsel as set forth in *Strickland v. Washington*, 46 U.S. 668 (1984). *Id.* at * 5-6. In so holding, the Court stated as follows:

> But *Padilla* did something more [than apply settled law]. Before deciding if failing to provide such advice "fell below an objective standard of reasonableness," *Padilla* considered a threshold question: Was advice about deportation "categorically removed" from the scope of the Sixth Amendment right to counsel because it involved only a "collateral consequence" of a conviction, rather than a component of the criminal sentence?

*Id.* By first rejecting a categorical distinction between direct and collateral consequences in relation to the right to counsel, the court "resolved the threshold question before[it] by breaching the previously chink-free wall between direct and collateral consequences" before then applying the well-settled law of *Strickland v. Virginia*. *Id.* at 9. "If that does not count as 'break[ing] new ground' or 'impos[ing] a new obligation, we are hard pressed to know what would." *Id.* at *9–10. Because "*Padilla*'s holding that the failure to advise about a non-criminal consequence could violate the Sixth Amendment would not have been—in fact, was not—'apparent to all reasonable jurists'" prior to *Padilla*, the Court concluded that *Padilla* announced a "new rule." *Id.* at * 10–11. As such, "defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding." *Id.* at *15.

Here, appellant was convicted in 1998—twelve years before *Padilla* was decided. Because *Padilla* announced a "new rule," it is not retroactive and appellant may not now avail himself of the decision on collateral review.

**CONCLUSION**

In light of our holding that appellant may not raise a *Padilla* issue by way of a collateral attack on the judgment, we need not address his issue regarding the propriety of the trial court's findings of fact and conclusions of law, and decline to do so. We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Publish. TEX. R. APP. P. 47.2(b).