**Opinion issued June 18, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00054-CR

———————————

## EX PARTE FELIPE NERY LUNA

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 06DCR043655**

## MEMORANDUM OPINION

Felipe Nery Luna appeals from the trial court's order denying him habeas corpus relief pursuant to article 11.072 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005). Luna contends that the trial court erred in denying his requested relief in light of his counsel's alleged failure to discuss the clear immigration consequences of his guilty plea, in violation of *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010). We affirm.

## Background

In 2006, Luna, a citizen of El Salvador and an undocumented alien in the United States, was charged with one count of aggravated assault with a deadly weapon and one count of assault causing bodily injury. On June 8, 2006, Luna pleaded guilty to the aggravated assault with a deadly weapon charge, a second degree felony punishable by imprisonment for a term of not more than twenty years or less than two years, and a maximum $10,000 fine. *See* TEX. PENAL CODE ANN. § 22.02(a), (b) (West 2011); *id.* § 12.33. Pursuant to his plea agreement with the State, the trial court deferred adjudication of Luna's guilt and placed him on community supervision for eight years.

On September 19, 2011, the Department of Homeland Security initiated removal proceedings against Luna on the grounds that he was present in the United States without being admitted or paroled and that his conviction of a crime of moral turpitude rendered him removable from the United States. *See* 8 U.S.C. § 1182(a)(6)(A)(i) (West 2013) (stating that "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible" and "ineligible to be admitted to the United States"); *id.* § 1227(a)(2)(A) (stating that alien is deportable if he is convicted of crime of moral turpitude for which sentence of one year or longer may be imposed, within five years after date of admission).

On December 4, 2012, Luna filed an application for a writ of habeas corpus, alleging that his plea counsel did not adequately advise him of the immigration consequences of his guilty plea and, therefore, provided ineffective assistance of counsel under *Padilla*. At the hearing on January 10, 2013, Luna testified that his plea counsel, Hector Ruiz, did not tell him about the immigration consequences of his guilty plea, and, had he known the immigration consequences of his plea, he would have insisted on going to trial. Ruiz testified that, although he could not remember the specifics of his conversation with Luna, it was his strict practice to go over each admonishment contained in the plea papers, including the admonishment relating to the possible immigration consequences of a guilty plea, with his clients. He further testified that his notes did not reflect that Luna had expressed any concerns about his immigration status after Ruiz reviewed the admonishment contained in the plea papers. Following the hearing, the trial court denied Luna's requested habeas relief. Luna appealed.

## Ineffective Assistance of Counsel

In his petition for writ of habeas corpus and on appeal, Luna argues that he received ineffective assistance because his plea counsel did not comply with *Padilla*. In *Padilla*, the United States Supreme Court held that counsel's "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel" and, therefore, counsel for a criminal defendant is

required to provide advice regarding the immigration consequences following a guilty plea. *Padilla*, 559 U.S. at ___, 130 S. Ct. at 1482. However, the United States Supreme Court has since held that *Padilla* announced a new rule of criminal procedure and, therefore, does not apply retroactively. *Chaidez v. United States*, 568 U.S. ___, 133 S. Ct. 1103, 1113 (2013). The Texas Court of Criminal Appeals has recognized the holding in *Chaidez* and held that *Padilla* does not apply retroactively under the Texas Constitution. *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013) (explicitly rejecting the opportunity to accord retroactive effect to *Padilla* as matter of state habeas law); *see also Ibarra v. State*, No. 01-12-00292-CR, 2013 WL 1163967, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (declining to apply *Padilla* retroactively in light of *Chaidez*).

Here, Luna pleaded guilty in 2006, four years before *Padilla* was decided. In light of the holdings in *Chaidez* and *Ex parte De Los Reyes*, we conclude that *Padilla* does not apply retroactively to Ruiz's representation of Luna in the underlying case. *See Chaidez*, 568 U.S. at ___, 133 S. Ct. at 1113; *Ex parte De Los Reyes*, 392 S.W.3d at 679.

Luna does not argue that his counsel's performance was deficient under pre-*Padilla* law; therefore, we overrule Luna's sole issue on appeal. *See, e.g., Ex parte*

*Juarez*, No. 14-12-00564-CR, 2013 WL 1316768, at *1 (Tex. App.—Houston [14th Dist.] Apr. 2, 2013, no pet.) (mem. op., not designated for publication).

## Conclusion

We affirm the trial court's order denying habeas corpus relief.


Rebeca Huddle
Justice

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).