**Opinion issued July 2, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00007-CR

_____

**JUAN JUAREZ CANDELAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 31697**

---

## MEMORANDUM OPINION

Juan Juarez Candelas appeals from the trial court's order denying his petition for writ of habeas corpus pursuant to article 11.072 of the Texas Code of

Criminal Procedure.[1] In a single issue, Candelas contends that the trial court erred in denying his requested relief because his trial counsel was ineffective over fifteen years ago based on his alleged failure to advise Candelas of the immigration consequences of his guilty plea. *See Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010). We affirm the trial court's judgment.

## Background

In 1996, Candelas, a Mexican citizen, pleaded guilty to a charge of possession of a controlled substance, namely, cocaine weighing less than one gram. He received a two-year suspended sentence, was placed on community supervision for three years, and ordered to pay a $300 fine.

Several months after his guilty plea, Candelas submitted his application to "Register Permanent Residence or Adjust Status." The United States Immigration and Naturalization Service denied an adjustment of Candelas's residency status based on his 1996 conviction.[2] One year later, the INS began removal proceedings

---

[1]     *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (West 2005) (providing for appeal in felony or misdemeanor case in which applicant seeks relief from order or judgment of conviction ordering community supervision).

[2]     A guilty plea and term of deferred adjudication community supervision constitutes a conviction for federal immigration law purposes. *See* 8 U.S.C. § 1101(a)(48) (defining "conviction" to include "if adjudication of guilt has been withheld, where . . . the alien has entered a plea of guilty or nolo contendere" and "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed"); *State v. Guerrero*, No. PD-1258-12, 2013 WL 2419595, at *6 (Tex. Crim. App. June 5, 2013) (citing *Moosa v. INS,* 171 F.3d 994, 1005–06 (5th Cir.1999)) (stating that appellee's guilty plea and completed term of deferred-

against him based on that conviction. *See* 8 U.S.C. § 1227(a)(B) ("Any alien who . . . has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . is deportable."). In January 2003, Candelas was ordered removed from the United States to Mexico; the Board of Immigration Appeals affirmed the order of removal.[3]

After *Padilla*, Candelas filed his petition for writ of habeas corpus. He contended that his guilty plea was involuntary, asserting that *Padilla* applied retroactively and that his trial counsel was ineffective because he did not specifically advise Candelas on the immigration consequences of his guilty plea. According to Candelas, the general admonitions about adverse immigration consequences in the plea documents were insufficient. Candelas further asserted that if he had been advised that his guilty plea would result in automatic removal and denial of citizenship, he would not have entered the plea and would have gone to trial.

Candelas attached the affidavit of Leo Torres, his trial counsel, in support of his petition. In his affidavit, Torres stated that it was not his practice in 1996 to consult with non-citizen clients in state court criminal matters on the immigration consequences of a guilty plea because the consequences were not as harsh then,

adjudication community supervision was conviction for federal immigration purposes law purposes).

[3]   According to Candelas's counsel, the order of removal has not been executed.

3

and he did not independently recall discussing immigration matters with Candelas. Torres further stated that he explained to Candelas the admonitions that the trial judge would give before he entered his plea. According to Torres, an independent warning about immigration consequences was unnecessary because Candelas's plea documents listed the consequences, and he assumed the conviction would not have a negative consequence because Candelas was not going to serve jail time. Candelas initialed and signed the "Defendant's Affidavit of Admonitions, Waiver, Judicial Confession, Statements, Plea, Probation and Appeal-Felony Less Than Capital," which stated that a guilty plea "may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law[.]" Torres stated in his affidavit that, based on his review of that document, he discussed its contents with Candelas on the day judgment was entered.

At the November 2012 habeas hearing, Candelas's counsel and the State presented argument. Candelas was present but did not testify. The trial court signed its order denying Candelas habeas relief and made findings of fact, including:

> 2) [Candelas] was warned in writing prior to accepting his plea of guilty that it "may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law."

> 3) [Candelas] was warned orally by the Judge prior to accepting his plea of guilty that it "might be used against you or could be used against you by the immigration and naturalization service," which "could try to deport you, deny petition for naturalization, or exclude you from the lawful entry into this country."

4

5) At the time of [Candelas's] plea, federal law allowed, but did not mandate removal of aliens convicted of possession of cocaine. . . . Therefore, under *Padilla,* trial counsel in the instant case was only required to give [Candelas] a general warning that his conviction might result in deportation.

6) . . . *Padilla* should not be applied retroactively.

7) [Candelas] has been ordered removed to Mexico by a Federal Court as a result of his conviction in the above cause.

8) Trial counsel was not ineffective in failing to properly warn [Candelas] regarding deportation.

9) [Candelas] is not a United States citizen; he is a citizen of Mexico; and he has not been "admitted or paroled" into this country. He has neither alleged nor shown an independent basis for being in this country. He has also failed to show that even without this conviction he could stay or be admitted into the country. As such he has failed to show prejudice.

10) [Candelas] has failed to sufficiently show that he would not have accepted the plea, if he had known of the potential immigration consequences. He has failed to show prejudice on this basis also.

This appeal followed. After Candelas filed his notice of appeal, the United States Supreme Court held that *Padilla* did not apply retroactively to convictions final before that decision. *See Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013); *see also Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013) (adopting *Chaidez* reasoning as matter of state law).

**Ineffective Assistance of Counsel**

**A.    Standard of review**

We review a trial court's denial of habeas corpus relief for an abuse of discretion. *Ex parte Garcia,* 353 S.W.3d 785, 787 (Tex. Crim. App. 2011); *Ex parte Wheeler,* 203 S.W.3d 317, 326 (Tex. Crim. App. 2006); *Ex parte Necessary*, 333 S.W.3d 782, 787 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting our review, we view the facts in the light most favorable to the trial court's ruling. *Kniatt v. State,* 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We review questions of law de novo. *Ex parte Necessary*, 333 S.W.3d at 787. Candelas had the burden to prove his claims for habeas relief by a preponderance of the evidence. *See Ex parte Peterson,* 117 S.W.3d 804, 818 (Tex. Crim. App. 2003); *State v. Webb*, 244 S.W.3d 543, 547 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

**B.    Under controlling law, no basis exists to establish that the trial court abused its discretion**

Candelas contends that his trial counsel's representation was constitutionally deficient because he did not specifically advise Candelas that he would be ineligible to adjust his residency status and would be deported for accepting a suspended sentence with community supervision. Acknowledging that *Padilla* does not apply retroactively, Candelas urges us to make "an independent

6

determination that defendants like Candelas deserve the same protections as Mr. Padilla" and conclude that his plea was involuntary.

In *Padilla*, the Supreme Court held that the Sixth Amendment requires a criminal defendant's attorney to provide advice about the risk of deportation arising from a guilty plea. 559 U.S. 356, 130 S. Ct. at 1486. The Court held that "longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country" demanded that counsel "inform [his] client whether his plea carries a risk of deportation." *Id.* at 1486. When the deportation consequence is "truly clear," counsel's duty is to warn a defendant that he would be deported. *Id.* at 1483. When the consequences are "not succinct and straightforward," counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.*

Nearly three years later, the Supreme Court addressed the issue of *Padilla*'s retroactive application and had to decide whether *Padilla* announced a "new rule" because "[o]nly when [the Supreme Court] appl[ies] a settled ruled may a person avail herself of the decision on collateral review." *Chaidez*, 133 S. Ct. at 1107. The Court rejected the argument that *Padilla* applied the settled law of ineffective assistance of counsel. *Id.* at 1108–09 (referencing well known standard in

7

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984)). The Court held that *Padilla* announced a new rule of constitutional criminal procedure and, thus, did not apply retroactively to cases already final. *Chaidez,* 133 S. Ct. at 1113; *see Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 1075 (1989) ("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.").

Shortly after *Chaidez*, the Court of Criminal Appeals adopted *Chaidez*'s reasoning: "We adhere to the retroactivity analysis in *Chaidez* and its holding that *Padilla* does not apply retroactively." *Ex parte De Los Reyes*, 392 S.W.3d at 679. The Court recognized that it "could accord retroactive effect to *Padilla* as a matter of state habeas law" but "decline[d] to do so." *Id.* The Court held that the applicant, whose conviction was final before *Padilla*, could not rely on it to argue that he was denied ineffective assistance of counsel. *Id.*

As an intermediate court of appeals, we are bound to follow *De Los Reyes*. *See Ervin v. State*, 331 S.W.3d 49, 53 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Purchase v. State,* 84 S.W.3d 696, 701 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd)); *see* TEX. CONST. art. V, § 5(a). And, this Court has held that, because *Padilla* announced a "new rule," it does not apply retroactively. *See Ibarra v. State*, No. 01-12-00292-CR, 2013 WL 1163967, at *2 (Tex. App.—

Houston [1st Dist.] Mar. 21, 2013, no pet. h.) (concluding that appellant who was convicted twelve years before *Padilla* could not rely on it on collateral review and affirming denial of habeas relief). Because Candelas's conviction became final before *Padilla* was decided, he may not avail himself of the decision on collateral review. *Id.*

Under applicable pre-*Padilla* law, "while the Sixth Amendment assures an accused of effective assistance of counsel in criminal prosecutions, [it] does not extend to 'collateral' aspects of the prosecution." *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Immigration consequences of a guilty plea were considered a collateral matter and did not support an ineffective assistance of counsel claim. *See State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999) ("That a guilty plea may result in deportation is generally considered a collateral consequence."); *see Ex parte Luna*, No. 14-11-01063-CR, 2013 WL 1197777, at *4 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, no pet.) ("Immigration consequences of a guilty plea are considered collateral; therefore, [applicant's] plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney was deficient in informing him of the consequences.").

Candelas was convicted in 1996, nearly fifteen years before *Padilla* was decided. Because *Padilla* announced a "new rule," it is not retroactive and

9

Candelas may not rely on the decision to argue that his counsel was ineffective. Before *Padilla*, immigration consequences of a guilty plea were considered a collateral matter that did not support an ineffective assistance of counsel claim. Candelas does not argue that his counsel was ineffective on any basis other than a failure to advise Candelas properly on the immigration consequences of his plea. He presents no basis for an independent determination that the trial court abused its discretion in denying his petition for writ of habeas corpus. We conclude that the trial court did not abuse its discretion and overrule Candelas's issue.

## Conclusion

Having overruled Candelas's single issue on appeal, we affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).