**Opinion issued August 6, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-12-00922-CR**

————————————

## EX PARTE GREGORIO VASQUEZ MANDUJANO, Applicant-Appellant

---

**Original Proceeding on Petition for Writ of Habeas Corpus**

---

## MEMORANDUM OPINION

Gregorio Vasquez Mandujano appeals from the denial of his application for a writ of habeas corpus, contending that his plea counsel's failure to provide accurate immigration advice as required under *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010), amounted to constitutionally ineffective assistance of counsel in violation of the Sixth Amendment and, as a result, rendered his guilty

plea involuntary. We hold that the trial court acted within its discretion in denying the application and affirm.

## Background

Vasquez Mandujano, a citizen of Mexico, had held lawful permanent resident status in the United States since 2006. In August 2011, Officer Mesa of the Houston Police Department stopped Vasquez Mandujano for failure to use his right turn signal. The officer found cocaine in the center console of the car. Vasquez Mandujano was the driver and the sole occupant. He was charged with the state jail felony of possession of a controlled substance, namely, cocaine, less than one gram by aggregate weight, including any adulterants and dilutants. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2009); TEX. PENAL CODE ANN. § 12.35(a) (West 2011).

Through counsel, Vasquez Mandujano reached a plea agreement with the State in which he pleaded guilty in exchange for two years' community service and deferred adjudication. On January 6, 2012, the trial court held a plea hearing, during which a Spanish-English interpreter assisted in translating the proceedings for Vasquez Mandujano and the Court.

The trial court admonished Vasquez Mandujano as follows:

Q. Mr. Mandujano, it's come to my attention you plan on – or your intent is to plead guilty to possession of a controlled substance and have the Court defer a finding of guilt and place you on two-year

probation. I want to make sure you understand, even if you are a lawful permanent resident here, if you plead guilty to certain types of offenses, the federal government can automatically deport you, even if it's considered a deferred adjudication, because under the federal government immigration law, deferred is considered a conviction. Possession of a controlled substance under the federal immigration law is considered an aggravated felony offense and you become automatically deportable. I want to make sure it's clear now.

Have you had an opportunity to discuss with your attorney what will happen to your immigration status if you plead guilty to this offense?

A. If I file my papers, it can be taken away from me.

Q. No, that wasn't my question. My question was have you had an opportunity to talk to your attorney about what would happen to your immigration status if you plead guilty to this offense? That's either "yes" or "no."

A. Yes.

Q. What is your understanding is going to happen to you if you plead guilty to this possession of a controlled substance as it relates to your immigration status?

A. If I fail or something, I could be deported.

Q. If you fail. I don't understand what you mean.

A. For example, if I'm going to get this probation, can I be deported for this?

Q. That's what I'm trying to make sure you understand. You are automatically deportable if you accept this probation and plead guilty. Once I place you on probation, the federal government can start deportation hearings against you. Do you understand all that?

A. Yes, I do.

Q. Knowing that, that you are automatically deportable once you get placed on this probation, . . . the federal government can start deportation hearings, do you still want to go forward with this plea of guilty or do you want to try to see if you can try the case and have a jury find you not guilty in hopes of avoiding this issue of deportation?

A. I'd rather go to trial.

Q. All right.

The court set the case on the trial docket.

The parties returned to court on February 3, not for trial, but to enter the plea agreement. The record does not contain a transcript of this plea hearing. The trial court found that Vasquez Mandujano appeared with counsel, and the State and a certified Spanish-English court interpreter also were present. The visiting judge officiated the admonishments, and the parties signed the plea papers. Subsequently, Immigrations and Customs Enforcement [ICE] apprehended Vasquez Mandujano, placed him on an immigration hold, and instituted deportation proceedings. ICE charged that Vasquez Mandujano was subject to removal from the United States under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, which provides:

Any alien (including an alien crewman) in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is . . . convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)),

4

other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

8 U.S.C. § 1227(a)(2)(B)(i).

## Habeas Corpus

### I.    Applicable Law and Standard of Review

Vasquez Mandujano challenges the trial court's denial of his application for habeas corpus relief, contending that his plea counsel rendered ineffective assistance under *Strickland v. Washington* by failing to accurately inform him that his guilty plea would make him automatically subject to removal from the United States. In *Padilla*, the Supreme Court held that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea. 559 U.S. at ___, 130 S. Ct. at 1473. Vasquez Mandujano entered his plea after the United States Supreme Court decided *Padilla*, so this is not a case in which retroactivity bars *Padilla*'s application. *See Chaidez v. United States*, ___ U.S. ___, ___, 133 S. Ct. 1103, 1113 (2013); *Ibarra v. State*, No. 01-12-00292-CR, ___ S.W.3d ___, 2013 WL 1163967, *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.).

An applicant seeking habeas corpus relief based on an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.2006) (citing *Ex parte Morrow*, 952 S.W.2d 530, 535 (Tex. Crim. App. 1997)). The applicant bears the burden to establish that

5

a reasonable probability exists that, but for counsel's advice, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Ali*, 368 S.W.3d 827, 835 (Tex. App.—Austin 2012, pet. ref'd). Further, the applicant must show that a decision to reject the plea bargain would have been rational under the circumstances. *Padilla*, 559 U.S. at ___, 130 S. Ct. at 1485.

When reviewing a trial court's ruling on a habeas corpus application, we view the evidence presented in the light most favorable to that ruling, and we must uphold that ruling absent an abuse of discretion. *Ali*, 368 S.W.3d at 831 (citing *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007)). We give almost total deference to a trial court's fact findings in habeas proceedings, particularly when they are based upon an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App.2006) (quoting *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004)); *see also Ex parte Wheeler*, 203 S.W.3d 317, 324 n.23 (Tex. Crim. App. 2006) (noting that we should also defer to trial court's "implicit factual findings" that support trial court's ultimate ruling); *Peterson*, 117 S.W.3d at 819 (noting same). We similarly defer to the trial court's application of the law to the facts if that resolution turns upon credibility and demeanor determinations. *Peterson*, 117 S.W.3d at 819. If the

6

resolution of the ultimate question turns on an application of law, we review the determination de novo. *Id.*

## II.   Analysis

Vasquez Mandujano specifically claims that his plea counsel misinformed him that a guilty plea *could* make him subject to deportation, not that it *would automatically* subject him to deportation. *Padilla* declares that, if a deportation consequence is truly clear, such as when the client is subject to automatic deportation, the duty to give correct advice is equally clear, and constitutionally competent counsel must advise the client accordingly. 559 U.S. at ___, 130 S. Ct. at 1478, 1483.

At the habeas hearing, Vasquez Mandujano and his plea counsel disputed the accuracy of plea counsel's advice about the effect of a guilty plea on Vasquez Mandujano's immigration status. Vasquez Mandujano equivocated in his own testimony on the issue. The record shows that the trial court expressly admonished Vasquez Mandujano that he would become automatically deportable if he pleaded guilty and accepted the probation, and the trial court found that, following the admonishment, Vasquez Mandujano understood that he would be automatically deportable if he entered a guilty plea. We defer to the trial court's finding on this issue, as its resolution turns on an evaluation of the witnesses' credibility and demeanor. *See Ex parte Amezquita*, 223 S.W.3d at 367.

7

With respect to the second prong of *Strickland*, the record supports the trial court's finding that Vasquez Mandujano opted for the plea agreement because he wanted to keep his job, if possible, and did not want to risk going to jail. As a result, the trial court acted within its discretion in concluding that Vasquez Mandujano failed to prove that, but for any faulty advice, he would have rejected the plea agreement and have gone to trial.

## Conclusion

We affirm the trial court's order denying habeas relief.


Jane Bland
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish. TEX.R.APP. P. 47.2(b)