**Opinion issued October 29, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NOS. 01-11-00943-CR, 01-11-00944-CR

_____

## EX PARTE ENYONG

---

### On Appeal from Criminal Court at Law No. 1
### Harris County, Texas
### Trial Court Cause Nos. 1612023-A & 1618601-A

---

### MEMORANDUM OPINION ON REMAND

Appellant, Kufreabasi Eta Enyong, challenges the trial court's order denying his application for a writ of habeas corpus. Appellant, a foreign national, contends that his trial counsel in the underlying proceedings had failed to apprise him of the adverse immigration consequences of his guilty pleas to the misdemeanor offenses

of assault of a family member[1] and violation of a protective order,[2] thus rendering his pleas involuntary. On April 26, 2012, this Court issued an opinion reversing the trial court's denial of habeas relief, holding that counsel's performance was deficient.[3] On April 24, 2013, the Texas Court of Criminal Appeals vacated this court's judgment and remanded the case to us for reconsideration in light of its opinion in *Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013).

On remand, we affirm the trial court's order.

## Background

At the hearing on appellant's application for a writ of habeas corpus, he presented to the trial court his affidavit, in which he testified that his trial counsel had failed to advise him of the immigration consequences that could result from his guilty pleas. He explained that if his trial counsel had told him that his guilty pleas would make his deportation presumptively mandatory, he would not have pleaded guilty to the offenses. In his affidavit, appellant's trial counsel testified that he did not recall or remember discussing with appellant the immigration consequences of his pleas.

---

[1]  Trial court cause number 1612023-A; appellate court cause number 01-11-00943-CR. *See* TEX. PENAL CODE ANN. § 22.01 (Vernon 2011).

[2]  Trial court cause number 1618601-A; appellate cause number 01-11-00944-CR. *See id*. § 25.07 (Vernon Supp. 2012).

[3]  *See Enyong v. State*, 369 S.W.3d 593 (Tex. App.—Houston [1st Dist.] 2012).

2

Appellant urged the trial court to grant him habeas corpus relief on the ground that his trial counsel had provided ineffective assistance by failing to inform him that pleading guilty to the offenses would render him deportable. At the conclusion of the hearing, the trial court denied his application.

## Standard of Review

We generally review a trial court's decision on an application for a writ of habeas corpus for an abuse of discretion. *See Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that he is entitled to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We consider the evidence presented in the light most favorable to the trial court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). This deferential review applies even when the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006); *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

To establish ineffective assistance of counsel, a criminal defendant must establish by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's

3

deficiency, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).

**Analysis**

In the trial court and on original submission, appellant argued that the United States Supreme Court's requirements about admonishments concerning the immigration consequences of guilty pleas in *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010) should be applied retroactively. On original submission, we concluded that the Supreme Court's requirement as stated in *Padilla* did apply retroactively to appellant's guilty pleas. *Enyong v. State*, 369 S.W.3d 593, 600 (Tex. App.—Houston [1st Dist.] 2012). We reversed the trial court's order denying appellant habeas corpus relief, set aside his pleas and the trial court's judgments, and remanded for further proceedings by the trial court. *Id.* at 605.

After we issued our opinion on original submission, the Supreme Court held that it, in *Padilla*, announced a "new rule" of criminal procedure so that "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding." *Chaidez v. United States*, ___ U.S. ___, 133 S. Ct. 1103, 1107–08 (2013) (citing *Teague v. Lane*, 489 U.S. 288, 301, 109 S. Ct. 1060, 1070 (1989)). In addition, the court of criminal appeals decided that *Padilla*'s requirements do not apply retroactively under the Texas Constitution. *See Ex parte*

4

*De Los Reyes*, 392 S.W.3d at 675. Accordingly, the requirements about admonishments concerning the immigration consequences of guilty pleas as articulated in *Padilla* do not apply retroactively to the representation of appellant by his trial counsel in the underlying case. *See Ibarra v. State*, No. 01-12-00292-CR, 2013 WL 1163967, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (mem. op) (not designated for publication).

Because appellant's conviction became final before the Supreme Court decided *Padilla*, pre-*Padilla* law applies to his habeas corpus application. Under that law, "while the Sixth Amendment assure[d] an accused of effective assistance of counsel in criminal prosecutions, [it] [did] not extend to 'collateral' aspects of the prosecution." *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Immigration consequences of a guilty plea were considered collateral; therefore, appellant's plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney was deficient in informing him of the consequences of his guilty plea. *See State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999). Because appellant did not have a constitutional right to effective assistance of counsel in regard to warnings about the collateral immigration consequences of his guilty pleas, the trial court did not abuse its discretion in denying him habeas corpus relief. *See Ex parte Luna*, 401 S.W.3d 329, 334–35 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

5

Accordingly, we affirm the trial court's order denying appellant habeas corpus relief.


Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).