**Opinion issued February 13, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-13-00523-CR

———————————————

## EX PARTE JUAN ANTONIO TORRERO

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 981845-A**

## MEMORANDUM OPINION

Juan Antonio Torrero appeals from the trial court's order denying his

application for writ of habeas corpus pursuant to article 11.072 of the Texas Code

of Criminal Procedure.[1]   In a single issue, appellant contends that the trial court

---

[1]     *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (West 2005) (providing for
appeal in felony or misdemeanor case in which applicant seeks relief from order or
judgment of conviction ordering community supervision).

erred in denying his requested relief in light of his counsel's alleged failure to discuss the clear immigration consequences of his guilty plea, in violation of *Padilla v. Kentucky,* 559 U.S. 356, 130 S. Ct. 1473 (2010). We affirm.

## Background

In 2004, appellant, a Mexican citizen, pleaded guilty to a charge of possession of a controlled substance with intent to deliver. He received five years deferred adjudication and was ordered to pay a $500 fine.

In February 2012, appellant filed an amended application for writ of habeas corpus in the trial court, asserting that his plea of guilty was involuntary because he had not been informed that a deferred adjudication would result in his deportation.[2] Appellant stated that although counsel had advised him of the nature of the charge, the facts alleged, the range of punishment for the charged offense, and his legal rights at trial, he was admonished only that a guilty plea might affect his citizenship status but was not advised that it would result in his deportation as required by *Padilla*. In the memorandum of law submitted in support of his application, appellant also contended that he would not have pleaded guilty had he known that he would be deported.

---

[2] In his application, appellant stated that he is currently detained in the Federal Immigration Detention Center in Livingston, Texas, although it is unclear from the record what precipitated his detention.

On May 16, 2013, the trial court held a hearing on appellant's application. At the conclusion of the hearing, the court denied his application.

**Ineffective Assistance of Counsel**

In his sole issue, appellant argues that he received ineffective assistance in regard to his 2004 guilty plea because his trial counsel did not comply with *Padilla.* He asserts that *Padilla* applies retroactively to his case.

In *Padilla,* the United States Supreme Court held that counsel's "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel" and, therefore, counsel for a criminal defendant is required to provide advice regarding the immigration consequences following a guilty plea. *Padilla,* 559 U.S. at 366, 130 S. Ct. at 1482. However, the United States Supreme Court has since held that *Padilla* announced a new rule of criminal procedure and, therefore, does not apply retroactively. *Chaidez v. United States,* 568 U.S. ___, 133 S. Ct. 1103, 1113 (2013). Relying upon *Chaidez*'s reasoning, the Texas Court of Criminal Appeals subsequently held that *Padilla* does not apply retroactively under the Texas Constitution. *See Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013) (explicitly declining opportunity to accord retroactive effect to *Padilla* as matter of state habeas law).

Bound as we are by precedent, and because appellant's 2004 conviction became final six years before *Padilla* was decided, he may not avail himself of the

3

decision on collateral review. *See Ibarra v. State*, ___ S.W.3d___, 2013 WL 1163967, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. ref'd) (concluding that appellant who was convicted twelve years before *Padilla* could not rely on it on collateral review and affirming denial of habeas relief). Accordingly, we conclude that the trial court did not abuse its discretion when it denied appellant's application for writ of habeas corpus.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).