**Opinion issued July 29, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00146-CR

_____

## EX PARTE AURELIO COLIN VERA

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 50798-1**

## MEMORANDUM OPINION

Aurelio Colin Vera appeals from the trial court's order denying his petition

for writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal

Procedure.[1]  Vera contends that his trial counsel, Zachary Maloney, rendered ineffective assistance of counsel in the year 2006 when he was purportedly affirmatively misadvised of the immigration consequences of his plea of no contest.  We hold that *Padilla v. Kentucky*, 559 U.S. 356 (2010), does not apply retroactively to this case, and we affirm the trial court's judgment.

## Background

On April 20, 2006, Vera pleaded guilty to a felony offense of possession of a controlled substance, namely cocaine, and received 2 years deferred adjudication, court costs of $273.00 and a fine of $500.00.

Six years later, on December 20, 2013, Vera filed his application for writ of habeas corpus.  Vera contended that his guilty plea was involuntary, asserting that *Padilla* applied retroactively and that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), because he did not correctly advise Vera of the immigration consequences of his plea.  Earlier in 2013, the United States Supreme Court issued its opinion in *Chaidez v. United States*, 133 S. Ct. 1103 (2013) and the Court of Criminal Appeals issued *Ex Parte De Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013), both holding *Padilla* does not apply retroactively.

---

[1]   *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (West 2005) (providing for appeal in felony or misdemeanor case in which applicant seeks relief from order or judgment of conviction ordering community supervision).

**Analysis**

**A.    Standard of review**

We review a trial court's denial of habeas corpus relief for an abuse of discretion. *Ex parte Garcia,* 353 S.W.3d 785, 787 (Tex. Crim. App. 2011); *Ex parte Wheeler,* 203 S.W.3d 317, 326 (Tex. Crim. App. 2006); *Ex parte Necessary*, 333 S.W.3d 782, 787 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting our review, we view the facts in the light most favorable to the trial court's ruling. *Kniatt v. State,* 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We review questions of law de novo. *Ex parte Necessary*, 333 S.W.3d at 787. Vera had the burden to prove his claims for habeas relief by a preponderance of the evidence. *See State v. Webb*, 244 S.W.3d 543, 547 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

**B.    Under controlling law, no basis exists to establish that the trial court abused its discretion**

Vera contends that his trial counsel's representation was constitutionally deficient because he did not specifically advise Vera that he would be subject to deportation. Acknowledging that *Padilla* does not apply retroactively, Vera urges us to make an independent determination that defendants like Vera deserve the same protections as Mr. Padilla and conclude that his plea was involuntary.

In *Padilla*, the Supreme Court held that the Sixth Amendment requires a criminal defendant's attorney to provide advice about the risk of deportation

3

arising from a guilty plea. 559 U.S. 356, 130 S. Ct. at 1486. The Court held that "longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country" demanded that counsel "inform [his] client whether his plea carries a risk of deportation." *Id.* at 1486. When the deportation consequence is "truly clear," counsel's duty is to warn a defendant that he would be deported. *Id.* at 1483. When the consequences are "not succinct and straightforward," counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id*.

Nearly three years later, the Supreme Court addressed the issue of *Padilla*'s retroactive application and had to decide whether *Padilla* announced a "new rule" because "[o]nly when [the Supreme Court] appl[ies] a settled ruled may a person avail herself of the decision on collateral review." *Chaidez*, 133 S. Ct. at 1107. The Court rejected the argument that *Padilla* applied the settled law of ineffective assistance of counsel. *Id.* at 1108–09 (referencing well known standard in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984)). The Court held that *Padilla* announced a new rule of constitutional criminal procedure and, thus, did not apply retroactively to cases already final. *Chaidez*, 133 S. Ct. at 1113; *see Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 1075 (1989) ("Unless they fall

4

within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.").

Shortly after *Chaidez*, the Court of Criminal Appeals adopted *Chaidez*'s reasoning: "We adhere to the retroactivity analysis in *Chaidez* and its holding that *Padilla* does not apply retroactively." *Ex parte De Los Reyes*, 392 S.W.3d at 679. The Court recognized that it "could accord retroactive effect to *Padilla* as a matter of state habeas law" but "decline[d] to do so." *Id.* The Court held that the applicant, whose conviction was final before *Padilla*, could not rely on it to argue that he was denied ineffective assistance of counsel. *Id.*

As an intermediate court of appeals, we are bound to follow *De Los Reyes*. *See Ervin v. State*, 331 S.W.3d 49, 53 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Purchase v. State,* 84 S.W.3d 696, 701 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd)); *see* TEX. CONST. art. V, § 5(a). And, this Court has held that, because *Padilla* announced a "new rule," it does not apply retroactively. *See Ibarra v. State*, No. 01-12-00292-CR, 2013 WL 1163967, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (concluding that appellant who was convicted twelve years before *Padilla* could not rely on it on collateral review and affirming denial of habeas relief). Because Vera's conviction became final before

*Padilla* was decided, he may not avail himself of the decision on collateral review. *Id.*

Under applicable pre-*Padilla* law, "while the Sixth Amendment assures an accused of effective assistance of counsel in criminal prosecutions, [it] does not extend to 'collateral' aspects of the prosecution." *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Immigration consequences of a guilty plea were considered a collateral matter and did not support an ineffective assistance of counsel claim. *See State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999) ("That a guilty plea may result in deportation is generally considered a collateral consequence."); *see Ex parte Luna*, 401 S.W.3d 329, 334 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Immigration consequences of a guilty plea are considered collateral; therefore, [applicant's] plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney was deficient in informing him of the consequences.").

Vera was convicted in 2006, four years before *Padilla* was decided. Because *Padilla* announced a "new rule," it is not retroactive and Vera may not rely on the decision to argue that his counsel was ineffective. Before *Padilla*, immigration consequences of a guilty plea were considered a collateral matter that did not support an ineffective assistance of counsel claim. Vera does not argue that his that his counsel was ineffective on any basis other than a failure to advise Vera

6

properly on the immigration consequences of his plea. He presents no basis for an independent determination that the trial court abused its discretion in denying his petition for writ of habeas corpus. We conclude that the trial court did not abuse its discretion and overrule Vera's issue.

## Conclusion

We affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).