**Opinion issued December 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00613-CR

———————————

## EX PARTE DAVID VASQUEZ, Appellant

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1324512-A**

---

## MEMORANDUM OPINION

Appellant, David Vasquez, appeals from the denial of his post-conviction application for a writ of habeas corpus. Appellant, in his sole issue, contends that his plea counsel's failure to provide accurate immigration advice, required under *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010), resulted in ineffective assistance of counsel in violation of the Sixth Amendment and, as a result,

rendered his 2012 guilty plea involuntary. We hold that the trial court acted within its discretion in denying the application and affirm.

## BACKGROUND

Appellant, a citizen of El Salvador, has lived in the United States since 1986 and was granted lawful permanent resident status in 2005. On May 10, 2012, through counsel, appellant pleaded guilty to the state jail felony of possession of less than one gram of cocaine, for which he received two years' deferred adjudication community supervision. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010); TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2014). The record does not contain a transcript of this plea hearing.

On June 24, 2013, U.S. Immigrations and Customs Enforcement ("ICE") apprehended appellant, placed him on an immigration hold, and instituted deportation proceedings. ICE charged that appellant was subject to removal from the United States under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, which provides that:

> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

2

8 U.S.C.S. § 1227(a)(2)(B)(i) (LexisNexis 2007). On May 12, 2014, after appellant's community supervision period terminated, the immigration judge denied his application to withhold removal and ordered him removed.

On May 9, 2014, appellant, through habeas counsel, filed an application for a writ of habeas corpus, under Texas Code of Criminal Procedure article 11.072. Appellant submitted an affidavit in support of the writ alleging that he had only a basic understanding of English; that his plea counsel, Stephen Ligon, did not speak Spanish or translate the plea documents; and that counsel did not adequately advise appellant of the immigration consequences of his plea, thereby providing ineffective assistance of counsel under *Padilla*, 559 U.S. at 374, 130 S. Ct. at 1486, and rendering his plea involuntary. Appellant's affidavit also claimed that Ligon was ineffective because he had advised appellant that only U.S. citizens were entitled to a jury trial and that if he did not plead guilty, the court would find him guilty and put him in prison. Appellant's affidavit further alleged that if he knew that his plea would have led to mandatory deportation, he would not have accepted the plea deal.

**The Habeas Court's Hearing and Findings of Fact and Conclusions of Law**

Before she denied appellant's habeas application on July 2, 2014, the trial judge stated that she had reviewed several exhibits attached to appellant's application, including his affidavit, as well as the court file from the 2012 plea

3

hearing and live testimony at the writ hearing. The court held a writ hearing on July 2, 2014, in which appellant, his plea counsel, Ligon, and his probation officer, Lawrence Hoff, all testified. Appellant, testifying without an interpreter, equivocated in his testimony about whether he could read and write English. He testified that it was not his signature on the affidavit submitted by his habeas counsel, but that his counsel had it read to him in Spanish. Appellant admitted that he had signed and initialed the plea admonishment papers, acknowledging that he could read and write English and that his attorney had advised him that his plea would result in his deportation, but he testified that he could not read or write English, that he spoke only a little English, and that his attorney had not explained the immigration consequences of his plea in Spanish.

Ligon testified that he had no problems communicating with appellant in English before the plea hearing, when he advised appellant that appellant would be deported after his plea, and that appellant wanted the plea deal because he did not want to go to jail. Officer Hoff similarly testified that he had no problems communicating with appellant in English. At the end of the writ hearing, the court found appellant's testimony not credible and denied relief in an order, but did not enter any separate findings or conclusions, as required by Texas Code of Criminal Procedure Article 11.072, § (7)(a).

4

After this Court issued an order of abatement, the trial court entered the following findings of fact and conclusions of law:

1.     [Appellant] spoke and understood English at the time of his plea, and he did not suffer any language barrier sufficient enough to cause him to enter an involuntary plea. The following evidence supports this finding:

    A.     [Appellant] chose to hire Mr. Ligon knowing that he did not speak Spanish.

    B.     Mr. Ligon communicated with [appellant] in English and did not need to use the interpreter he had on staff.

    C.     [Appellant]'s probation officer communicated with [appellant] in English and did not have to rely on Spanish-speaking colleagues to communicate with him.

2.     Mr. Ligon advised [appellant] that a guilty plea in this case would result in deportation from this country, exclusion from admission into this country or denial of naturalization. That advice was memorialized in the plea admonishment form.[1]

3.     Mr. Ligon did not tell [appellant] that he had no right to a trial and that he had to plead guilty or risk imprisonment.

4.     [Appellant] wanted to plead guilty and take a deferred adjudication to avoid jail.

5.     [Appellant] pled guilty freely and voluntarily with knowledge of the immigration consequences of his plea.

---

[1]     Although the record does not include this document, the habeas court took judicial notice of the plea papers at the writ hearing and ordered the trial clerk to file all the plea papers in its Findings, Conclusions and Order.

Therefore, the Court concludes that [appellant]'s plea was voluntarily entered with full knowledge of the immigration consequences of his plea, and he is entitled to no relief.

## DISCUSSION

In his notice of appeal, appellant's appellate counsel contended that appellant's habeas counsel's submission of an English-only affidavit, instead of a Spanish-language affidavit signed by appellant, caused significant confusion and prejudice to appellant at the writ hearing. Thus, appellant asserts that he was denied due process and a reasonable opportunity to contest that his plea counsel was ineffective for failing to advise him of the immigration consequences of his 2012 guilty plea, in violation of *Padilla*, rendering his guilty plea involuntary.

### A.    Standard of Review

"An applicant seeking habeas corpus relief based on an involuntary guilty plea must prove his claim by a preponderance of the evidence." *Ex parte Mandujano*, No. 01-12-00922-CR, 2013 WL 4007801, at *3 (Tex. App.—Houston [1st Dist.] Aug. 6, 2013, no pet.) (mem. op., not designated for publication) (citing *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006)). The applicant bears the burden to establish that a reasonable probability exists that, but for counsel's advice, he would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Ali*, 368 S.W.3d 827, 835 (Tex. App.—Austin 2012, pet. ref'd). Further, the applicant must show that a decision to reject the plea bargain would

have been rational under the circumstances.  *See id.* (citing *Padilla,* 559 U.S. at 372, 130 S. Ct. at 1485).

When reviewing a trial court's ruling on a habeas corpus application, we view the evidence presented in the light most favorable to that ruling, and we must uphold that ruling absent an abuse of discretion.  *See Ex parte Mandujano*, 2013 WL 4007801, at *3 (citing *Ex parte Ali*, 368 S.W.3d at 831).  We "afford almost total deference to a trial court's fact findings in habeas proceedings, especially when those findings are based upon credibility and demeanor."  *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006) (quoting *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004)).  We similarly defer to the trial court's application of the law to the facts if that resolution turns upon credibility and demeanor determinations.  *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  If the resolution of the ultimate question turns on an application of law, we review the determination de novo.  *See Ex parte Mandujano*, 2013 WL 4007801, at *3.

In an article 11.072 habeas case, the trial judge is the sole finder of fact.  *See Ex parte Obi*, No. 01-12-01003-CR, 2014 WL 4748116, at *5 (Tex. App.— Houston [1st Dist.] Sept. 25, 2014, pet. filed) (citing *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011)).  An appellate court reviews the evidence presented in the light most favorable to the trial court's ruling, regardless of

whether the court's findings are implied or explicit, or based on affidavits or live testimony, provided they are supported by the record. *See Ex parte Murillo*, 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Nevertheless, while we give deference to any underlying historical fact determinations made by the habeas court, we review the ultimate question of prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), de novo. *See Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005); *Ex parte Murillo,* 389 S.W.3d at 927. We will uphold the habeas court's judgment as long as it is correct under any theory of law applicable to the case. *See Ex parte Murillo*, 389 S.W.3d at 926.

## B.   Applicable Law

In *Padilla,* the Supreme Court held that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea. 559 U.S. at 374, 130 S. Ct. at 1486. Because appellant entered his plea after the United States Supreme Court decided *Padilla,* this is not a case in which retroactivity bars *Padilla*'s application. *See Ex parte Mandujano*, 2013 WL 4007801, at *2 (citing *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013)); *Ibarra v. State*, No. 01-12-00292-CR, 2013 WL 1163967, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. ref'd).

The two-pronged *Strickland* test applies to challenges to guilty pleas, such as the one in the present case, premised on ineffective assistance of counsel. *See Ex parte Obi*, 2014 WL 4748116, at \*5 (citing *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985)). Thus, to be entitled to relief, appellant was required to show by a preponderance of the evidence that (1) trial counsel's performance fell below the objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687-88, 694, 104 S. Ct. at 2064, 2068.

"In the *Padilla* context, when the prejudice prong of the *Strickland* test is dispositive, we need address only that prong on appeal." *Ex parte Obi*, 2014 WL 4748116, at \*5 (quoting *Ex parte Murillo*, 389 S.W.3d at 927). We make the prejudice inquiry on a case-by-case basis, considering the circumstances surrounding the plea and the gravity of the alleged failure. *See id.* (citation omitted). "[I]t is not necessary to determine whether trial counsel's representation was deficient if appellant cannot satisfy the second *Strickland* prong." *Id.* (quoting *Ex parte Murillo*, 389 S.W.3d at 927).

## C. Analysis

At the writ hearing, appellant and his plea counsel disputed how well appellant could speak English at the time of his plea, and whether plea counsel had

advised him about the effect of a guilty plea on his immigration status. Appellant equivocated in his own testimony on these issues, admitting that he had initialed the plea admonishment form that acknowledged he could read and write English and that he was advised by his attorney he would be deported if he pleaded guilty. The trial court found that appellant spoke and understood English at the time of the plea hearing, that Ligon had advised appellant that a plea would result in his deportation, and, thus, that appellant had pleaded guilty voluntarily with the full knowledge of the immigration consequences of his plea. We defer to the trial court's finding on these issues, as their resolution turns on an evaluation of the witnesses' credibility and demeanor. *See Ex parte Amezquita,* 223 S.W.3d at 367.

With respect to the second prong of *Strickland,* the record supports the trial court's finding that appellant opted for the plea agreement because he wanted to take community supervision to avoid going to jail. *See Ex parte Mandujano*, 2013 WL 4007801, at *4. Accordingly, the trial court acted within its discretion in denying appellant habeas relief and we overrule his sole issue.

**CONCLUSION**

We affirm the order of the trial court denying habeas relief.  We dismiss any pending motions as moot.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).

11